IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID CHRIS, an individual,

        Plaintiff,

v.

INSIL KANG, Senior Director, DAVID LEWIS, Elder Board, and VILLAGE CHURCH

        Defendants.

No. 3:21-cv-01266

OPINION & ORDER


David Chris
13259 SW 169th Ave
Beaverton, OR 97007

    Plaintiff Pro Se

Nicole M. Rhoades
Cheney E. Moss
Davis Rothwell Earle & Xochihua, PC
200 SW Market St., Suite 1800
Portland, OR 97201-5745

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff brings this discrimination action pro se against Defendant Village Baptist Church ("Village Church") and Individual Defendants Insil Kang and David Lewis. Defendants move to dismiss Plaintiff's claims. For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

Plaintiff's complaint contains the following allegations. Compl. at 4, 6, ECF 2.

Plaintiff applied for a job at the Village Church. He alleges that at some point during this process, Defendant Insil Kang, who works in human resources, mentioned his language skills. He felt that her actions were unfair and constituted discrimination. Plaintiff writes "(National origin I am mixed Japan and white"). Eventually, Defendant Kang notified Plaintiff that the church had selected a different candidate.

Plaintiff then complained about Defendant Kang's conduct to the Church's elder board. During this process, an elder board member mentioned Plaintiff's language skills and another elder board member, Defendant David Lewis, sent an email that allegedly said, "David and their family is not a native English speaker." Compl. at 6. Defendant Lewis's comments insulted Plaintiff in front of the Church's elder board.

Plaintiff filed this action on August 25, 2021. Plaintiff alleges he was not selected for the position due to his color, race, national origin, age, and disability. He alleges that Defendants' conduct violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") for discrimination/disparate treatment. Plaintiff further alleges that he was subject to discrimination under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

Defendants moved to dismiss Plaintiff's claims on November 4, 2021. Def. Mot., ECF 13. In response to Defendants' motion, Plaintiff filed a Motion to Dismiss (ECF 25), a Motion to Strike Defendants' Exhibit E (ECF 26), and a Motion for Entry of Default (ECF 27). On January 13, 2022, Plaintiff filed a response to Defendants' Motion to Dismiss. Pl. Resp., ECF 36. The Court struck Defendants' first motion for failure to confer and denied Plaintiff's motions as moot. Order, ECF 39. On March 29, 2022, after conferral, Defendants renewed their motion to dismiss Plaintiff's claims. Def. Mot. 2, ECF 40. Plaintiff responded and the Court took Defendants' renewed motion under advisement on April 18, 2022.

## DISCUSSION

Defendants move to dismiss all of Plaintiff's claims. In his response, Plaintiff abandoned his ADA and ADEA failure to hire claims, thus the Court begins by addressing Plaintiff's only remaining claim: failure to hire brought under Title VII.

Under Title VII it is unlawful for an employer to refuse to hire an individual because of their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Plaintiff's action is brought under a disparate treatment theory.

"To establish a prima facie case of disparate treatment, the plaintiff must offer evidence that gives rise to an inference of unlawful discrimination." *Fragante v. City & Cty. of Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (citation and internal quotation marks omitted). A Plaintiff may rely on either direct or circumstantial evidence to establish a claim under Title VII. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 (9th Cir. 2006) (citations omitted).

Plaintiff's allegations give rise to the inference of unlawful discrimination. First, Plaintiff alleges that he is Japanese and White – satisfying the element that he is a member of a class

protected by Title VII. Second, the complaint sufficiently alleges that Defendants intended to discriminate against Plaintiff based on his race, color, or national origin. Plaintiff alleges that he applied for a job but was not hired due to his language skills and accent. He alleges that during the job application process, and after he was rejected for the job, Defendants made express comments about his language skills. As noted above, Plaintiff may rely on circumstantial evidence to establish intent to discriminate. The intent to discriminate finds support in the express remarks Plaintiff alleges Defendants made about his language skills.

The Ninth Circuit has recognized the link between language and discrimination based on national origin.

> Accent and national origin are obviously inextricably intertwined in many cases. It would therefore be an easy refuge in this context for an employer unlawfully discriminating against someone based on national origin to state falsely that it was not the person's national origin that caused the employment or promotion problem, but the candidate's inability to measure up to the communications skills demanded by the job. We encourage a very searching look by the [trial] courts at such a claim.

*Fragante v. City & Cty. of Honolulu*, 888 F.2d 591, 596 (9th Cir. 1989).

Defendants ask the Court to take notice of a document that allegedly establishes that English is not Plaintiff's first language. The Court declines to take judicial notice of this document or consider any arguments related to Plaintiff's actual language abilities. Defendants' arguments about any potential reasonable basis for their decision not to hire Plaintiff may provide a valid defense at a later stage in the litigation but are not a basis to dismiss Plaintiff's claim now. *See DeHorney v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 879 F.2d 459, 467 (9th Cir. 1989) (noting that once plaintiff establishes a prima facie case of disparate treatment, the burden shifts to defendant to articulate legitimate, nondiscriminatory reasons for its actions); *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("If there are two alternative explanations,

one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

Finally, Defendants contend that Plaintiff has not alleged a person with decision making power made discriminatory comments.[1] Plaintiff alleges the comments about his language skills were made by an individual who worked in human resources and members of the church elder board. As a pro se Plaintiff at the motion to dismiss stage, these allegations are sufficient to establish the allegedly discriminatory comments were made by people with decision-making power at Defendant Village Church. The Court denies Defendants' motion to dismiss Plaintiff's Title VII claim against Defendant Village Church.

The Court grants the motion as to Individual Defendants Insil Kang and David Lewis. The Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. California Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory

---

[1] Defendants also rely on the *McDonnell Douglas* framework to attack Plaintiff's complaint. The *McDonnel Douglas* framework establishes one avenue a Plaintiff may take to establish a disparate treatment claim. It does not set out ridged elements a plaintiff must plead in a failure to hire claim. *See Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1105 (9th Cir. 2008); *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1122 (9th Cir. 2004) ("although the *McDonnell Douglas* framework is a useful tool to assist plaintiffs at the summary judgment stage so that they may reach trial, nothing compels the parties to invoke the *McDonnell Douglas* presumption.").

employee").² Accordingly, Plaintiff cannot maintain a Title VII action against Individual Defendants Insil Kang and David Lewis.

In his response to Defendants' renewed motion to dismiss, Plaintiff moved to file an Amended Complaint that contains greater factual detail. Defendant does not object to Plaintiff filing an Amended Complaint.³ The Court grants Plaintiff's motion to file an Amended Complaint. Plaintiff may file his Amended Complaint within 14 days of this order.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss [40].

IT IS SO ORDERED.

DATED:   May 3, 2022   .

   _Marco Hernandez_
   MARCO A. HERNÁNDEZ
   United States District Judge

---

² Plaintiff argues the Individual Defendants could be jointly and severally liable for any judgment entered against Defendant Village church under Oregon law. This does not change the Court's finding that Title VII does not allow a cause of action in these circumstances. Moreover, Defendant's Corporate Disclosure statement shows that it is a non-profit corporation. *See* ECF 12.

³ In their reply, Defendants argue any state law claims brought by Plaintiff in his Amended Complaint are time-barred. The Court will not address this argument since Defendants' motion is against Plaintiff's initial complaint.

6 – OPINION & ORDER