IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID CHRIS, an individual,                    No. 3:21-cv-01266-HZ

                 Plaintiff,              OPINION & ORDER

         v.

INSIL KANG, Senior Director, DAVID
LEWIS, Elder Board, and VILLAGE
CHURCH
                 Defendants.


David Chris
13259 SW 169th Ave
Beaverton, OR 97007

       Plaintiff Pro Se

Nicole M. Rhoades
Cheney E. Moss
Davis Rothwell Earle & Xochihua, PC
200 SW Market St., Suite 1800
Portland, OR 97201-5745

       Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff brings this discrimination action pro se against Defendant Village Baptist Church ("Village Church") and Individual Defendants Insil Kang and David Lewis. Defendants move to dismiss Plaintiff's claims. For the reasons that follow, the Court grants the motion.

## BACKGROUND

In the spring of 2020 Defendant Village Church posted a job for "Pastor of Worship and the Arts" ("Worship Pastor"). Am. Compl. ¶ 9. The post described the qualifications for the position as follows:

> a. A Pastor's heart. Village is not merely looking for a musician, but someone who will actively pastor our community
>
> b. Comfort and familiarity with technology and its application into worship services
>
> c. Ability to utilize ProPresenter in the planning and implementation of worship services
>
> d. Knowledgeable in multicultural communities and communication
>
> e. A clear multicultural understanding and philosophy of worship that will translate to powerful multicultural worship experiences
>
> f. Ability to lead musical worship, ideally with ability and experience in one or more instruments traditionally utilized in a worship setting

Am. Compl. ¶ 10.

Plaintiff alleges he possesses all of the qualifications for the position, including "formal education in theology, psychology, and music" and significant experience as a "Worship Leader and Pastor, Preacher, and worship song writer." Am. Comp. ¶ 11.

Plaintiff applied for the Worship Pastor position in 2017 but was not selected. Am. Compl. ¶ 13. He applied again in February 2020. Am. Compl. ¶ 14. In June 2020, Plaintiff alleges Defendant Kang, a human resources representative and senior director of Defendant Village Church, informed Plaintiff that he was not selected for the position because he is not a native English speaker. *Id.* Plaintiff applied a third time for the same Worship Pastor position in

September 2020. Am. Compl. ¶ 15. Plaintiff alleges he was again told "that he was not selected because he is not a 'native English speaker' and that he is not 'familiar' with American culture." *Id.* He alleges Defendant Kang made "negative statements about his application" and remarked on his accent and national origin. *Id.*

Plaintiff complained about this treatment to the other members of the church and eventually met with Defendant Village Church's board's personnel committee. During this meeting he learned he was being considered for the pastor position. Am. Compl. ¶ 18. Around this time, Plaintiff alleges Defendant Lewis, a church board member, sent an email that discussed the hiring process and referred to him as a "non-native English speaker" in a negative manner. Am. Compl. ¶19.

Plaintiff filed this failure-to-hire discrimination action on August 25, 2021. Defendants moved to dismiss Plaintiff's claims on November 4, 2021. Def. Mot., ECF 13. The Court denied the motion for failure to confer and allowed Defendants to renew the motion. Order, ECF 39. Defendants renewed their motion to dismiss which the Court granted in part. Op. & Order, ECF 47. Plaintiff filed an Amended Complaint. Defendants now move to dismiss Plaintiff's Amended Complaint for failure to state a claim. Plaintiff responded, and the Court took the motion under advisement on June 29, 2022.

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Plaintiff brings claims for discrimination on the basis of race and national origin under Title VII and state law (Or. Rev. Stat. 659A). He also brings claims against Individual Defendants Kang and Lewis for aiding and abetting discrimination on the basis of race and national origin under state law.

Defendants move to dismiss all claims against them arguing that the ministerial exception applies to Plaintiff's claims. In the alternative, Defendants argue Plaintiff cannot assert Title VII or ORS 659A.030(1)(a) claims against the Individual Defendants and that he failed to timely bring his state law claims.

//

## I.   Ministerial Exception

Defendants argues that the ministerial exception bars Plaintiff's claims. Plaintiff responds that it is premature to determine whether the exception applies. Even if the exception applies, Plaintiff argues it does not bar his state law claims.

"The First Amendment protects the right of religious institutions 'to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.'" *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2055 (2020) (citing *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U.S. 94, 116 (1952)). The ministerial exception falls within this freedom, and in the employment context, allows religious institutions the "authority to select, supervise, and if necessary, remove a minister without interference by secular authorities." *Id.* The ministerial exception "insulates a religious organization's employment decisions regarding its ministers from judicial scrutiny under Title VII." *Werft v. Desert Southwest Annual Conference of United Methodist Church*, 377 F.3d 1099, 1100–01 (9th Cir. 2004).

There is no "rigid formula for deciding when an employee qualifies as a minister." *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 190 (2012). The inquiry focuses on "the actual functions of the employees said to be within the exception," and considers "whether they are ordained, teach religion to other members, or perform duties that are primarily religious in nature." *Bohnert v. Roman Cath. Archbishop of San Francisco*, 136 F. Supp. 3d 1094, 1113 (N.D. Cal. 2015) (citations omitted).

"The ministerial exception is an affirmative defense." *Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017). Accordingly, "the ministerial exception can serve as the basis for

dismissing a complaint at the pleadings stage under Rule 12(b)(6) only when the elements of the defense appear on the face of the complaint." *Id.* (emphasis in original) (citation omitted).

The face of the complaint demonstrates that Defendants' decision not to hire Plaintiff was a "protected employment decision under the ministerial exception." *Id.* Plaintiff applied for the position of "Worship Pastor." Am. Compl. ¶ 10. The qualifications included "a Pastor's heart," actively "pastoring" to the community, an understanding of the "philosophy of worship" and the "ability to lead musical worship." *Id.* These allegations establish that the job and duties at issue hold "ecclesiastical significance" and are similar to the "paradigmatic application of the ministerial exception [] to the employment of an ordained minister." *See Alcazar v. Corp. of the Cath. Archbishop of Seattle*, 627 F.3d 1288, 1291 (9th Cir. 2010) (applying the exception to a person who "entered into a church-recognized seminary program to become a minister" and who brought "suit concerning employment decisions arising from work as a seminarian"). [1]

The Supreme Court has emphasized that when analyzing whether an employee qualifies as a minister, "[w]hat matters, at bottom, is what an employee does." *Our Lady of Guadalupe Sch.*, 140 S. Ct. at 2064. The allegations show that the "Worship Pastor" is meant to engage in "important religious functions" including leading others in worship and pastoring to the community. *See id.* at 2058–69 (applying the exception to two lay parochial schoolteachers without ministerial titles or training who taught prayers, prepared students for mass, and prayed with students). Consistent with this reasoning, other Circuits have found the ministerial exception applies to non-ordained church music directors. *See Cannata v. Cath. Diocese of Austin*, 700 F.3d 169, 180 (5th Cir. 2012) (applying the ministerial exception to a church music

---

[1] Neither party disputes that Defendant Village Church qualifies as a church or religious organization for the purposes of the ministerial exception analysis.

director and noting that through music he "played a role in furthering the mission of the church and conveying its message to its congregants"); *E.E.O.C. v. Roman Cath. Diocese of Raleigh, N.C.*, 213 F.3d 795, 805 (4th Cir. 2000) (applying the ministerial exception to a music teacher and finding that "the functions of the music ministry and music teaching positions" in the case were "integral to the spiritual and pastoral mission of" the defendant church). The Court finds Defendants sought to hire for a role that falls under the ministerial exception. Accordingly, Defendants have "the authority to select and control who will minister to the faithful." *Hosanna–Tabor*, 565 U.S. 194–95. The Court dismisses Plaintiff's Title VII claims as barred under the ministerial exception.

### A.    State Law Claims

Plaintiff argues the ministerial exception does not apply to his state law claims because Defendants have not provided a case that applies the exception to Oregon's anti-discrimination laws. The ministerial exception derives from Supreme Court case law interpreting the First Amendment to the United States Constitution. *See id.* at 702 ("Both Religion Clauses bar the government from interfering with the decision of a religious group to fire one of its ministers."). It thus applies to state law claims. The Ninth Circuit explained this relationship in *Puri v. Khalsa*:

> our court has framed the exception as applicable "to <u>any state law cause of action</u> that would otherwise impinge on the church's prerogative to choose its ministers or to exercise its religious beliefs in the context of employing its ministers."  Thus, any claim "with an associated remedy . . . [that] would require the church to employ [a minister]" would "interfer[e] with the church's constitutionally protected choice of its ministers," and thereby "would run afoul of the Free Exercise Clause."

844 F.3d 1152, 1158 (9th Cir. 2017) (citations omitted) (emphasis added); *see also Werft*, 377 F.3d at 1100 (declining to distinguish between federal and state law discrimination claims

"[b]ecause the ministerial exception is based in the First Amendment" and noting that "just as there is a ministerial exception to Title VII, there must also be one to any federal or state cause of action that would otherwise impinge on the Church's prerogative to choose its ministers.") (citation omitted). Accordingly, for the reasons explain above, the Court finds the ministerial exception applies to Plaintiff's state law claims as well.

**CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss [57]. Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.


DATED:_____July 26, 2022_____.



_____
MARCO A. HERNÁNDEZ
United States District Judge